*Williams v. Jones*, No. 02-CV-73068-DT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCELIOUS WILLIAMS,

        Petitioner,

v.                                  CASE NO. 02-CV-73068-DT
                                   HONORABLE ARTHUR J. TARNOW

KURT JONES,

        Respondent.
_____/

## ORDER DENYING RESPONDENT'S MOTION FOR A STAY

Respondent has appealed the Court's conditional grant of the writ of habeas corpus. Currently pending before the Court is Respondent's motion for a stay pending appeal.

"The decision of a district court to grant or deny a successful habeas petitioner's motion for release pending appeal is governed by Fed. R. App. P. 23." *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992). Appellate Rule 23(c) reads:

> **(c) Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review, the prisoner must -- unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise -- be released on personal recognizance, with or without surety.

"Rule 23(c) undoubtedly creates a presumption of release from custody" when a district court grants relief to a habeas petitioner, "but that presumption may be overcome if the judge rendering the decision . . . 'otherwise orders.'" *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).

The traditional factors governing stays of civil judgments are applicable when a

*Williams v. Jones*, No. 02-CV-73068-DT

successful habeas petitioner seeks release from custody pending the State's appeal. *Hilton*, 481 U.S. at 776-77; *Workman*, 958 F.2d at 166. These factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interest in the proceeding; and (4) where the public interest lies." *Hilton*, 481 U.S. at 776.

Courts also may consider the possibility of flight, the likelihood of danger to the public if the prisoner is released, and the State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal. *Hilton*, 481 U.S. at 777; *Workman*, 958 F.2d at 166. The habeas petitioner's interest in release pending appeal will be strongest when these factors are weakest. *Hilton*, 481 U.S. at 777-78. Continued custody is permissible when the State establishes a strong likelihood of success on appeal or a substantial case on the merits provided that the State will be irreparably injured absent a stay and the public interest militates against release. *Id*. at 778.

The Court concluded in its dispositive opinion that Petitioner's trial attorney operated under a conflict of interest. Respondent is not likely to succeed on the merits of this claim. Even if he does succeed on appeal, the other factors weigh in Petitioner's favor.

Petitioner has been convicted of possession with intent to deliver 50 to 224 grams of cocaine. He was sentenced on February 16, 1999, to imprisonment for ten to thirty years. His only misconduct in prison consisted of being out of place one time and destroying or misusing property. Both offenses occurred in 1999, his first year of imprisonment.

*Williams v. Jones*, No. 02-CV-73068-DT

Petitioner currently is a parolee. He was released on parole almost two years ago on January 24, 2004, and he is scheduled to be discharged from parole on January 24, 2006. Due to Petitioner's status as a parolee and his anticipated discharge date of January 24, 2006, Respondent will not be irreparably injured absent a stay, and his interest in continuing custody and rehabilitation is minimal. The fact that Petitioner has successfully completed parole to date is an indication that he is not likely to flee or be a danger to the public. The Court therefore DENIES Respondent's motion for a stay (Doc. #35, Dec. 6, 2005]. Petitioner shall be released on personal recognizance without surety.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: December 14, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 14, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary